IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTONY SMITH, | ) | 4:10CV3124 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GUARDSMARK, Donna D. Smith, | ) | |
| GUARDSMARK, and | ) | |
| GUARDSMARK, Gary Steinke, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Smith and Steinke's (the "Individual Defendants") Motion to Dismiss. (Filing No. 15.) As set forth below, the Motion is granted.

## I. BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against his previous employer, Guardsmark, and the Individual Defendants, who Plaintiff identifies as two supervisors. (Filing No. 1 at CM/ECF pp. 1-2.) Condensed and summarized, Plaintiff sues Defendants for race and color discrimination under Title VII of the Civil Rights Act of 1964. (*Id.* at CM/ECF pp. 2-3.) Plaintiff alleges that he was subjected to unfair treatment and harassment by Defendants throughout his employment. In particular, Plaintiff alleges that he was "force[d] . . . to go from full time employment to part time" and that his hours were given to less-experienced white employees. (*Id.* at CM/ECF p. 2.) Plaintiff further alleges that Defendants "denied [him a] promotion," instead giving the promotion to less-qualified white employees. Plaintiff also suffered several "racial incidents" and when he complained, Defendants terminated him. (*Id.*) Plaintiff alleges that his work performance was satisfactory. (*Id.*) Plaintiff filed a charge of discrimination and received a right-to-

sue letter from the Equal Opportunity Employment Commission ("EEOC"). (*Id.* at CM/ECF p. 5.)

The court conducted an initial review of the Complaint on August 6, 2010, and determined that Plaintiff's claims could proceed. (Filing No. 6.) The Individual Defendants filed their Motion to Dismiss on October 1, 2010. (Filing No. 15.) Despite having more than three months in which to do so, Plaintiff did not file a response to the Motion. The Motion to Dismiss is therefore deemed fully submitted.

## II.   ANALYSIS

The Individual Defendants argue that the claims against them must be dismissed because Title VII does not permit claims against individual employees. (Filing No. 16 at CM/ECF p. 2.) It has been long-settled that no individual liability exists under Title VII for non-supervisory employees. *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). However, the Eighth Circuit "has not decided the question of individual employee liability under Title VII when the employee is the Title VII plaintiff's supervisor." *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380 (8th Cir. 1995). Noting the split among the circuits on this issue, and without specifically deciding the issue, the court stated that "[w]hatever the law in these jurisdictions may have been at one time, the more recent cases reflect a clear consensus on the issue before us: supervisors and other employees cannot be held liable under Title VII in their individual capacities." *Id.* at 381. In addition, the court held that "[e]very circuit that has considered the issue ultimately has concluded that an employee, even one possessing supervisory authority, is not an employer upon whom liability can be imposed under Title VII." *Id.*; *see also Karstens v. Int'l Gamco, Inc.*, 939 F. Supp. 1430, 1438 (D. Neb. 1996) (relying on *Lenhardt* and holding that "individuals, whether co-employees or supervisors, cannot be held liable under Title VII"). In *Karstens*, District Judge Strom adopted the reasoning of another district court, stating that:

2

>This logical reasoning had earlier been adopted by one district court in the Eighth Circuit which held that a supervisor may not be held individually liable for violations of Title VII. *Engle v. Barton County Memorial Hosp.*, 864 F. Supp. 118 (W.D. Mo. 1994). The Engle court's analysis began by agreeing with the Ninth Circuit that "the purpose of the 'agent' provision in § 2000e(b) was only to incorporate *respondeat superior* liability into Title VIII" and that "there is no reason to stretch the liability of individual employees beyond the *respondeat superior* principle." *Engle*, 864 F. Supp. at 120, citing *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir.1993) *cert. denied*, 510 U.S. 1109, 114 S. Ct. 1049, 127 L. Ed.2d 372 (1993). In addition, the *Engle* court agreed that, because Congress protected small employers from the high cost of litigating discrimination claims by statutorily limiting Title VII liability to entities with fifteen or more employees, Congress likewise did not intend to impose liability on individuals. Further, the *Engle* court agreed that simply because Congress had recently capped the compensatory and punitive damages provisions in Title VII, it was illogical to assume that Congress contemplated individual liability while exempting small employers even though such damages are of a type that an individual can be expected to pay. And finally, the court agreed that violations of Title VII will not go unchecked in the absence of individual liability because, as pointed out by the *Miller* court, "[n]o employer will allow supervisory or other personnel to violate Title VII when the employer is liable for the Title VII violation." *Id.* Thus, the court concluded that a supervisor may not be held individually liable for violations of Title VII.

*Karstens*, 939 F. Supp. at 1438.

Here, Plaintiff has sued his previous employer and two supervisors, the Individual Defendants. While, as set forth above, the Eighth Circuit has not definitively resolved the issue of personal liability for supervisors under Title VII, this court finds that, in light of *Lenhardt*, and in agreement with Judge Strom's well-reasoned opinion in *Karstens,* supervisors cannot be held personally liable under Title VII. As such, the Individual Defendants' Motion to Dismiss is granted and this

3

matter will proceed only against Defendant Guardsmark.

    IT IS THEREFORE ORDERED that:

    1. Defendants Steinke and Smith's Motion to Dismiss (filing no. 15) is granted and all claims against these two Defendants are dismissed with prejudice. The Clerk of the court is directed to terminate Defendants Donna D. Smith and Gary Steinke from this matter.

    2. The court will enter a separate order progressing this matter to final disposition.

    DATED this 1st day of February, 2011.

                            BY THE COURT:

                            s/ Joseph F. Bataillon
                            Chief United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.